UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

BONNIE HASKINS                              :
and LESLIE HASKINS,                         :
                                            :
        Plaintiffs,                         :
                                            :
        v.                                  :       File No. 1:09-CV-236
                                            :
ZIMMER HOLDINGS INC.,                       :
ASTRAZENECA PHARMACEUTICAL                  :
LP, and ASTRAZENECA LP,                     :
                                            :
        Defendants.                         :

RULING ON ASTRAZENECA DEFENDANTS' MOTION TO DISMISS
(Paper 29)

I.   Introduction

Plaintiffs Bonnie and Leslie Haskins, filed a nine-count complaint (Paper 1) alleging Defendants' Zimmer Holdings, Inc., Astrazeneca Pharmaceuticals LP, and Astrazeneca LP (collectively, Defendants) products caused Ms. Haskins injury and Mr. Haskins loss of consortium. Ms. Haskins alleges damages of ten million dollars each for counts one though eight and Mr. Haskins ten million dollars for count nine. Astrazeneca Pharmaceuticals LP and Astrazeneca (collectively, Astrazeneca) move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Paper 29). Plaintiffs oppose the motion, or, in the alternative, request the Court permit them to amend the complaint. (Paper 45.) For the following reasons, Astrazeneca's motion is granted and Plaintiffs' complaint is

dismissed as to Astrazeneca without prejudice. Plaintiffs may file an amended complaint.

II.     Background

Facts alleged in the complaint are assumed to be true for the purposes of a motion to dismiss. In April 2006, Bonnie Haskins underwent arthroscopic surgery on her right shoulder. Her surgeon implanted a pain pump that continuously injected pain relief medication directly into her joint after her surgery. (Paper 1 at 2, ¶ 5.) Ms. Haskins alleges Defendants' products caused "severe and rapid loss of articular cartilage in her right shoulder, resulting in a chondrolysis,[1] loss of range of motion, loss of functional use of her arm, a total shoulder replacement and severe and permanent pain and suffering as well as other injuries." Id. at ¶ 6. Zimmer manufactures pain pumps. Id. at 4, ¶ 17. Astrazeneca manufactures pharmaceutical products including Sensorcaine, a brand name for the generic anesthetic bupivacaine, which is used in pain pumps. Id. at 3, ¶¶ 12, 15.

III.    Motion to Dismiss Standard

When deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is

---

[1] According to Plaintiffs, "[g]lenohumeral chondrolysis is the progressive destruction of articular cartilage in the glenohumeral joint (the joint that connects the arm to the shoulder) leading to secondary joint space narrowing, which results in constant pain and loss of full use of the shoulder and/or arm." (Paper 1 at 4, ¶ 22.)

2

legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court will grant a motion to dismiss only if the plaintiff fails to show a "plausible entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).  Because jurisdiction of this matter is based on diversity, 28 U.S.C. § 1332, the Court applies Vermont law.

IV.     Discussion

The gravamen of Plaintiffs' Complaint is that Defendants' negligent and fraudulent actions in manufacturing and distributing pain pumps containing bupivacaine caused plaintiffs injury.  See, e.g., Paper 1 at 6, ¶ 32.

Astrazeneca moves to dismiss the complaint arguing it fails to state a claim against them because Plaintiffs do not allege that an anesthetic sold or distributed by Astrazeneca was administered to Ms. Haskins.  (Paper 29 at 4.)  Plaintiffs contend their complaint "identifies the product which injured the Plaintiff in more than sufficient detail" because Astrazeneca is the only bupivacaine manufacturer named and "Plaintiff is claiming damage caused by the administration of bupivacaine" after her surgery.  (Paper 45 at 9.)  Further, Plaintiffs argue Astrazeneca can have no doubt they "manufactured the anesthetic in question" because the "relevant operative report clearly identifies AstraZeneca" and that report was provided to them.  Id. at 2.

3

Plaintiffs' arguments reveal a fundamental misconception of the pleading requirements. A document not attached to the complaint cannot save deficiently pleaded claims. Whether Astrazeneca knows which medication was administered to Plaintiff following her surgery is irrelevant and does not affect whether Plaintiffs adequately pleaded their claims in the complaint. Gilmore v. DJO Inc., No. 2:08-cv-1252, 2009 WL 3352859, at * 4 (D. Ariz. Oct. 15, 2009); see also Dittman v. DJO, LLC, No. 08-cv-02791, 2009 WL 3246128, at * 3 (D. Colo. Oct. 5, 2009). Further, rather than expecting the Court to "infer that [Astrazeneca] is the proper defendant," Paper 45 at 9, to survive a motion to dismiss Plaintiffs must at least allege in their complaint that an Astrazeneca product was administered to Ms. Haskins via the pain pump following her surgery. This threshold allegation is necessary to show a plausible entitlement to relief.[2]

The Court also notes that Plaintiffs' allegations with respect to their fraud claims are insufficient to state a claim because, inter alia, they do not specify the statements Plaintiffs contend were fraudulent, as required by Federal Rule of Civil Procedure 9(b). Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004). See also Vt. Country Foods v. So-Pak-Co., 120 F. App'x 756, 758 (2d Cir. 2006) (noting plaintiff's failure to point to a specific misrepresentation precluded recovery for misrepresentation).

---

[2] Mr. Haskins' claim against Astrazeneca for loss of consortium must also fail because it is derivative in nature and requires an adequately pleaded independent underlying tort. Trepanier v. Getting Organized, Inc., 155 Vt. 259, 271 (1990).

V.	Conclusion

For the foregoing reasons, Astrazeneca Pharmaceuticals LP and Astrazeneca LP's motion to dismiss (Paper 29) is granted and Plaintiffs' claims against the Astrazeneca defendants are dismissed without prejudice. Plaintiffs may file an amended complaint on or before February 19, 2010.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of January, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Martha
Senior United States District Judge